**James DAVIS**

v.

**UNITED STATES.**

No. 17583.

United States Court of Appeals
Eighth Circuit.

Feb. 11, 1964.

Carl I. Katzen, St. Louis, for appellant.

John A. Newton, Asst. U. S. Atty., for appellee.

PER CURIAM.

Motion of appellee to docket and dismiss appeal for failure to prosecute granted and appeal docketed and dismissed.

**Millicent F. BROWN, a minor, by J. Arthur Brown, her father and next friend, et al., Plaintiffs, Appellees,**

v.

**SCHOOL DISTRICT NO. 20, CHARLESTON, SOUTH CAROLINA Thomas A. Carrere, Superintendent and members of the School Board, Defendants,**

and

**Mark Allen, Barbara Bellows, George Bellows, Julia Jeanne Canfield, Elizabeth S. Stack and William F. Stack by their respective fathers, Intervenors, Appellants.**

No. 9216.

United States Court of Appeals
Fourth Circuit.

Argued Jan. 20, 1964.

Decided Jan. 27, 1964.

George Stephen Leonard, Washington, D. C. (Burnet R. Maybank, Charleston, S. C., on brief), for intervenor-appellants.

Charles H. Gibbs, Charleston, S. C. (Sinkler, Gibbs & Simons, Charleston, S. C., A. T. Graydon and David W. Robinson, Columbia, S. C., on brief), for defendant-appellants.

Constance Baker Motley, New York City (Jack Greenberg, Michael Meltsner, New York City, Matthew J. Perry, Lincoln C. Jenkins, Jr., Columbia, S. C., F. Henderson Moore, Charleston, S. C., and Benjamin Cooke, on brief), for appellees.

Before SOBELOFF, Chief Judge, and HAYNSWORTH, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

PER CURIAM.

This is an appeal by public school officials of Charleston, South Carolina, from an order of the District Court, passed on August 22, 1963, requiring them to admit and enroll as students for the school year beginning September, 1963, eleven Negro children, plaintiffs below. The court directed the appellants to admit these children to the schools where white children residing in the same school zones as the plaintiffs would be permitted to attend. The order further enjoined the School Board not to operate its schools on a racially discriminatory basis or to exact "futile, burdensome or discriminatory administrative procedures" or to use tests on Negroes which are not uniformly applied in assigning students. The School Board was invited to formulate and submit for the court's approval a plan for complete desegregation of the school system.

The order was passed after appropriate and well-supported findings of fact and a complete exposition of the applicable law and decisions of the Supreme Court of the United States and of this court. Finding ourselves completely in accord, we adopt the District Court's opinion as our own. 226 F.Supp. 819.

Affirmed.